11-1762-ag
Ni v. Holder

BIA
Mateo, IJ
A094 923 026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand twelve.

PRESENT:
JOHN M. WALKER, JR.,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

ZAN NI,
*Petitioner,*

v.                                              11-1762-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York,
                       New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony C. Payne, Senior
                       Litigation Counsel; Liza S. Murcia,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zan Ni, a native and citizen of the People's Republic of China, seeks review of an April 11, 2011, order of the BIA, affirming the February 26, 2009, decision of Immigration Judge ("IJ") Rene D. Mateo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zan Ni*, No. A094 923 026 (B.I.A. Apr. 11, 2011), *aff'g* No. A094 923 026 (Immig. Ct. N.Y. City Feb. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

While the definition of "refugee" does not extend automatically to partners of individuals who have been forcibly sterilized or forced to have an abortion, *see Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007), an alien may qualify for refugee status if he can prove past persecution or a well-founded fear of persecution, for "'resistance' that is directly related to [his] own opposition to a coercive family planning policy." *Id.* This requires (1) a showing of "'resistance' to a coercive family planning policy"; and (2) that the applicant has suffered or reasonably fears "suffer[ing] harm amounting to persecution on account of that resistance." *Id.* at 313.

Ni argues that he demonstrated both past persecution and a well-founded fear of future persecution. Ni's argument, that the agency erroneously found that his altercation with family planning officials did not constitute persecution, is unavailing as he suffered no serious injury, required no medical attention, suffered no lasting effects, and the harm did not occur while he was detained. *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).

Ni also challenges the agency's determination that he failed to demonstrate an objectively reasonable well-founded fear of future persecution.  The agency reasonably concluded that Ni's fear, that family planning officials would require him to report for sterilization, was undermined by the fact that his wife, who also was required to report for sterilization, remained unharmed.  The agency was not required to credit Ni's explanations that his wife remained unsterilized in China because he is living in the United States and they can only procreate when they are living together, or that she was unharmed because she was in hiding, particularly as he testified that she worked as a street vendor at night.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear diminished); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous.") (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

4

Ni's argument that the BIA improperly dismissed a village committee notice ordering him or his wife to report for sterilization is without merit as the IJ implicitly considered the notice, but determined that Ni's fear was not objectively reasonable given that the notice had not been enforced against Ni's wife. Moreover, the BIA did not "dismiss" the notice, but affirmed the IJ's decision, and, in addition, pointed out that the notice should be given diminished weight because it was unauthenticated, unsigned, and did not identify the author. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

We decline to reach Ni's argument that the BIA engaged in improper fact-finding because, even assuming error, remand would be futile given that the BIA affirmed the IJ's determination that Ni had not demonstrated an objectively reasonable fear and that determination took the notice into account. As Ni was unable to meet his burden for asylum, he necessarily fails to meet the higher burden required to succeed on a claim for withholding of removal. *See Gomez v. I.N.S.*, 947 F.2d 660, 665 (2d Cir. 1991).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk